# In the United States Court of Federal Claims

No. 24-1160C
(Filed: February 28, 2025)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ASHLEY L. NUTBROWN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff Ashley L. Nutbrown, proceeding *pro se*, raises claims arising from child custody disputes. *See* Compl. (ECF 1). She has moved for leave to proceed *in forma pauperis*, *see* Application (ECF 2), which is **GRANTED**. The government has moved to dismiss under RCFC 12(b)(1) and 12(b)(6), and Plaintiff has responded. Mot. to Dismiss (ECF 7); Opp. (ECF 8). The motion to dismiss is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553

(2006) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

Plaintiff's claims appear to be directed at agencies and employees of the State of Vermont, as well as private parties. *See, e.g.*, Compl. at 2. This Court has no jurisdiction over claims against defendants other than the United States, *United States v. Sherwood*, 312 U.S. 584, 588 (1941), which means that this Court cannot hear claims against "states, state officials, and state agencies." *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015) (citing *Sherwood*, 312 U.S. at 588). To the extent Plaintiff wishes to sue private parties, those claims are outside this Court's jurisdiction as well. *Sherwood*, 312 U.S. at 588. Any claims that Plaintiff intends to make against defendants other than the United States must therefore be dismissed. *Id.*

The alleged statutory and constitutional bases for Plaintiff's claims mentioned in the complaint include 42 U.S.C. § 1983, 28 U.S.C. § 1442, and the Fourth, Sixth, Seventh, and Fourteenth Amendments. *See* Compl. at 1. Claims based on those statutes and provisions are outside this Court's jurisdiction. *Doiban v. United States*, 173 Fed. Cl. 527, 544 (2024) (citing *Ganaway v. United States*, 557 F. App'x 948, 949 (Fed. Cir. 2014)) (Section 1983); *Pesina v. United States*, No. 24-391, 2024 WL 1620873, at *3 (Fed. Cl. Apr. 15, 2024) (Section 1442); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (Fourth Amendment); *Omran v. United States*, 629 F. App'x 1005, 1008 (Fed. Cir. 2015) (Sixth Amendment); *Drake v. United States*, 792 F. App'x 916, 920 n.6 (Fed. Cir. 2019) (Seventh Amendment); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process and Equal Protection Clauses); *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) (same); *Wall v. United States*, 141 Fed. Cl. 585, 598 (2019) (Privileges or Immunities Clause). Other claims mentioned in the complaint that are outside this Court's jurisdiction involve civil torts, *see* 28 U.S.C. § 1491(a)(1), criminal violations, *see Marcum v. United States*, 173 Fed. Cl. 168, 170 (2024), First Amendment retaliation, *see United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983), 42 U.S.C. § 1986, *see Stephens v. United States*, No. 10-571C, 2011 WL 222118, at *3 (Fed. Cl. Jan. 21, 2011); and the Americans with Disabilities Act and its implementing regulations, *see Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013).

Plaintiff's opposition to the motion to dismiss mentions a variety of other statutes that are also outside this Court's purview. *See Liberty Ammunition, Inc. v. United States*, 101 Fed. Cl. 581, 591 (2011) (Lanham Act); *Willis v. United States*, 96 Fed. Cl. 467, 470 (2011) (42 U.S.C. § 1985); (18 U.S.C. § 241). Plaintiff identifies a variety of Vermont state statutes and legal doctrines, but this Court cannot hear

state-law claims. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). Finally, Plaintiff mentions the Tucker Act itself, but although that statute defines this Court's jurisdiction, it does not itself create any individual right to recover money. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *United States v. Mitchell*, 463 U.S. 206, 212, 218 (1983).

At most, Plaintiff mentions the Fifth Amendment. Opp. at 2. This Court does have jurisdiction over claims for just compensation under the Takings Clause of the Fifth Amendment. But "the Fifth Amendment does not apply to anything that the government or its agents may have done to separate [Plaintiff] from [her] family." *Lopez v. United States*, No. 23-620C, 2024 WL 2044156, at *2 (Fed. Cl. May 7, 2024). Plaintiff also alleges that state employees violated contracts with the federal government, Compl. at 2, but even if that were factually or legally correct, Plaintiff explains no reason why it would give her a right to recover money from the United States.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss (ECF 7) is **GRANTED**. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF 2) is **GRANTED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge